FILED
2018 Apr-10 PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ADRIAN ROBINSON, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br>v.<br><br>AMERICAN FAMILY CARE, INC.,<br><br>　　　　Defendant. | Case No.: 2:18-cv-00116-SGC |

## MEMORANDUM OPINION AND ORDER[1]

The court has before it the March 5, 2018 motion to dismiss and compel arbitration filed by Defendant American Family Care, Inc. ("AFC"). (Doc. 13). In response, Plaintiff filed a motion to stay pending arbitration. (Doc. 20). Pursuant to the court's March 7, 2018 order (Doc. 17), the motions are fully briefed and under submission as of March 27, 2018 (Docs. 14, 20-22). For the reasons explained below, Defendant's motion to dismiss and compel arbitration is due to be granted in part and denied in part, and Plaintiff's motion to stay is due to be granted.

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 23).

## I. PROCEDURAL BACKGROUND

Plaintiff Adrian Robinson, on behalf of himself and other similarly situated current and former employees, filed the instant complaint on January 23, 2018, alleging a violation of the Fair Labor Standards Act. (Doc. 1). Specifically, the complaint states Plaintiff and other similarly situated current and former employees were misclassified as "exempt" employees and denied overtime wages. (*Id.*). Subsequently, Plaintiffs Kenner (Doc. 4), Gladney (Doc. 7), Hess (Doc. 8), and Weddington (Doc. 9) all "opted in" and agreed to be plaintiffs in this lawsuit. Plaintiffs filed an amended complaint on February 19, 2018, and in response, Defendant filed a motion to dismiss and compel arbitration. (Docs. 12, 13).

## II. STATEMENT OF FACTS

AFC owns and operates AFC clinic locations in several states, including Alabama, Georgia, Tennessee, and Florida. (Doc. 12 at 3-7). Robinson worked for AFC in various positions at various locations from 2015 until January 2018. (Doc. 12 at 11-13; Doc. 14-1 at 2). Kenner, Gladney, Hess, and Weddington all worked for AFC in various positions at various locations at different points in time between 2012 to 2017. (Docs. 4, 7, 8, 9; Doc. 14-1 at 2-3).

At or around the time of their hire, Robinson, Gladney, Hess, Weddington, and Kenner all individually agreed to comply with AFC's arbitration agreement and procedures. (Doc. 14-3 at 2; Doc.14-4 at 2; Doc. 14-5 at 2; Doc. 14-6 at 2;

Doc. 14-7 at 2). By signing the arbitration agreement and beginning employment with AFC, Plaintiffs agreed all claims, as defined by the arbitration agreement, would be submitted to binding arbitration and not to litigation. (*Id.*). Specifically, the arbitration agreement states:

> As a condition of my continued employment with American Family Care, Inc, (hereinafter referred to as "AFC"), AFC and Employee agree to settle any controversy, dispute or claim arising out of or relating to my employment with AFC or the cessation of my employment with AFC, by final and binding arbitration administered by the American Arbitration Association under its National Rules for the Resolution of Employment Disputes (then in effect), and a judgment upon the award rendered by the single arbitrator may be entered by any court having jurisdiction thereof. By way of example only, such claims shall include, but not be limited to, claims asserted under any federal, state or local statutory or common law, such as the Pregnancy Discrimination Act (as amended), the Americans with Disabilities Act (as amended), the Equal Pay Act (as amended), the Family and Medical Leave Act (as amended), the Immigration
> Reform and Control Act (as amended), the law of contract and the law of tort. The location of the arbitration hearing shall be in Birmingham, Alabama, AFC and Employee shall share equally all the administrative costs associated with the filing and prosecution of the Arbitration. Employee understands that he/she shall bear the expense of his/her own legal counsel, if necessary. The arbitrator shall, however, have the power to grant any relief available under the applicable federal or state statute, including attorneys' fees and costs. AFC and Employee acknowledge and understand that employment with AFC involves and affects interstate commerce.

(*Id.*).

The amended complaint alleges violations of the FLSA. (Doc. 12). The arbitration agreement applies to "any controversy, dispute or claim arising out of or relating to [employee's] employment with AFC", which includes claims regarding

3

disputes over wages and employment classifications. (Doc. 14-3 at 2; Doc.14-4 at 2; Doc. 14-5 at 2; Doc. 14-6 at 2; Doc. 14-7 at 2).

## III. DISCUSSION

The parties agree the claims at issue are subject to arbitration. (Doc. 21 at 3). The parties do not agree as to whether the court should dismiss the instant action or stay it during the arbitration proceedings. (*Id*.).

> Section 3 of the FAA states
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The Eleventh Circuit strictly adheres to the language of the statute and has held a district court generally does not have discretion to dismiss a case under 9 U.S.C. § 3.[2] *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992). Specifically, in *Bender*, the Eleventh Circuit concluded district courts do not have the power to choose dismissal over a stay:

---

[2] The court is aware of the split in the circuit courts as to whether dismissal is allowed under 9 U.S.C. § 3. *See Braxton v. O'Charley's Rest. Props., LLC*, 1 F. Supp. 3d 722, 728–29 (W.D. Ky. 2014) (discussing circuit split); *see also* Richard A. Bales & Melanie A. Goff, *An Analysis of an Order to Compel Arbitration: To Dismiss or Stay?,* 115 PENN ST. L. REV. 539, 547 (2011); This court is bound to follow the precedent of the Eleventh Circuit.

> The district court properly found that the state law claims were subject to arbitration, but erred in dismissing the claims rather than staying them. Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration. 9 U.S.C. § 3. If the parties do not proceed to arbitration, the court may compel arbitration. 9 U.S.C. § 4. Therefore, we vacate the dismissal of the state law claims and remand with instructions that judgment be entered staying all claims pending arbitration.

971 F.2d at 699.

That being said, Defendant contends the last phrase of 9 U.S.C. § 3 applies and argues Plaintiff "is in default in seeking the stay since Plaintiff first invoked the court's jurisdiction rather than proceed to arbitration when he was aware a dispute existed between the parties." (Doc. 22 at 6). The statute states the court shall stay the litigation unless "the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. "A default occurs when a party 'actively participates in a lawsuit or takes other action inconsistent with' the right to arbitrate." *N & D Fashions, Inc. v. DHJ Industries, Inc.*, 548 F.2d 722, 728 (8th Cir. 1976) (quoting *Cornell & Co. v. Barber & Ross Co.*, 360 F.2d 512, 513 (D.C. Cir. 1966)); *see also American Sugar Refining Co. v. The Anaconda*, 138 F.2d 765, 767 (5th Cir. 1943); *Radiator Specialty Co. v. Cannon Mills*, 97 F.2d 318, 319 (4th Cir. 1938). The court cannot find, and Defendant did not supply, any case law stating the mere filing of a complaint equates with a default under 9 U.S.C. § 3. Instead, case law suggests something more is required. *See Parcel Tankers, Inc. v. Formosa Plastics Corp.*, 569 F. Supp 1459, 1467 (S.D. Texas 1983) ("[a]ctions

constituting waiver may include . . . the applicant's engaging in some combination of filing an answer, setting up a counterclaim, pursuing discovery, and moving for continuance prior to moving for a stay pending arbitration."); *Cornell & Co.*, 360 F.2d at 513; *Radiator Specialty Co.,* 97 F.2d at 319.

For these reasons, Defendant's motion to dismiss and compel arbitration is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 13). Plaintiff's motion to stay pending arbitration is **GRANTED**. (Doc. 20). This action is **STAYED** pending resolution through arbitration. The parties are **DIRECTED** to file a notice with the court upon settlement of the case or the conclusion of arbitration, whichever event shall first occur.

**DONE** and **ORDERED** this 10th day of April, 2018.

*[signature]*
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE